UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABCELLERA BIOLOGICS INC. and THE
UNIVERSITY OF BRITISH COLUMBIA,

     *Plaintiffs,*

*v.*

BERKELEY LIGHTS, INC.,

     *Defendant.*

Civil Action No. 20-cv-931-RGA

**JURY TRIAL DEMANDED**

## DEFENDANT BERKELEY LIGHTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Berkeley Lights, Inc. ("Berkeley Lights" or "BLI"), by and through its undersigned attorneys, hereby answers the Amended Complaint for Patent Infringement filed by plaintiffs AbCellera Biologics Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "Plaintiffs").  Solely for convenience, the headings from the Amended Complaint are reproduced here.  All allegations not specifically admitted herein are denied.

### NATURE OF THE ACTION

1.     Admitted.

2.     BLI admits that Plaintiffs have filed this lawsuit.  BLI denies any infringement of the patents asserted in the Amended Complaint and denies that Plaintiff is entitled to the relief it seeks.

### THE PARTIES

3.     Upon information and belief, AbCellera is a corporation organized and existing under the laws of British Columbia, Canada with its principal place of business at 2215 Yukon Street, Vancouver, BC V5Y 0A1.

4.      Upon information and belief, UBC is a corporation continued under the *University Act* of British Columbia with offices at #103-6190 Agronomy Road, Vancouver, British Columbia, V6T 123.

5.      Admitted.

## JURISDICTION AND VENUE

6.      Admitted.

7.      Admitted.

8.      Admitted.

## FACTUAL BACKGROUND

**A.  AbCellera's Technology**

9.      BLI is without knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint and, therefore, denies same.

10.     BLI is without knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint and, therefore, denies same.

**B.  The Patents-in-Suit**

11.     BLI admits that, on its face, U.S. Patent No. 10,107,812 ("the '812 patent") is titled "Methods for assaying cellular binding interactions," issued on October 23, 2018, and names as inventors Anupam Singhal, Carl L. G. Hansen, John W. Schrader, Charles A. Haynes, and Daniel J. Da Costa.  BLI admits that what appears to be a copy of the '812 patent is attached as Exhibit 1 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

12.     BLI admits that, on its face, U.S. Patent No. 10,274,494 ("the '494 patent") is titled "Methods for assaying cellular binding interactions," issued on April 30, 2019, and names as inventors Anupam Singhal, Carl L. G. Hansen, John W. Schrader, Charles A. Haynes, and Daniel

J. Da Costa.  BLI admits that what appears to be a copy of the '494 patent is attached as Exhibit 2 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

13.     BLI admits that, on its face, U.S. Patent No. 10,466,241 ("the '241 patent") is titled "Methods for assaying cellular binding interactions," issued on November 5, 2019, and names as inventors Anupam Singhal, Carl L. G. Hansen, John W. Schrader, Charles A. Haynes, and Daniel J. Da Costa.  BLI admits that what appears to be a copy of the '241 patent is attached as Exhibit 3 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

14.     BLI admits that, on its face, U.S. Patent No. 10,578,618 ("the '618 patent") is titled "Methods for assaying cellular binding interactions," issued on March 3, 2020, and names as inventors Anupam Singhal, Carl L. G. Hansen, John W. Schrader, Charles A. Haynes, and Daniel J. Da Costa.  BLI admits that what appears to be a copy of the '618 patent is attached as Exhibit 4 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

15.     BLI admits that, on its face, U.S. Patent No. 10,697,962 ("the '962 patent") is titled "Methods for assaying cellular binding interactions," issued on June 30, 2020, and names Anupam Singhal, Carl L. G. Hansen, John W. Schrader, Charles A. Haynes, and Daniel J. Da Costa.  BLI admits that what appears to be a copy of the '962 patent is attached as Exhibit 5 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

16.     BLI admits that, on its face, U.S. Patent No. 10,087,408 ("the '408 patent") is titled "System and method for microfluidic cell culture," issued on October 2, 2018, and names as inventors Carl L. G. Hansen, Veronique Lecault, James M. Piret, and Anupam Singhal.  BLI

3

admits that what appears to be a copy of the '408 patent is attached as Exhibit 6 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

17.      BLI admits that, on its face, U.S. Patent No. 10,421,936 ("the '936 patent") is titled "System and method for microfluidic cell culture," issued on September 24, 2019, and names as inventors Carl L. G. Hansen, Veronique Lecault, James M. Piret, and Anupam Singhal.  BLI admits that what appears to be a copy of the '936 patent is attached as Exhibit 7 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

18.      BLI admits that, on its face, U.S. Patent No. 10,704,018 ("the '018 patent") is titled "System and method for microfluidic cell culture," issued on July 7, 2020, and names as inventors Carl L. G. Hansen, Veronique Lecault, James M. Piret, and Anupam Singhal.  BLI admits that what appears to be a copy of the '018 patent is attached as Exhibit 8 to the Amended Complaint.  BLI is without knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint and, therefore, denies same.

19.      BLI admits that the '812 patent, the '494 patent, the '241 patent, the '618 patent, the '962 patent, the '408 patent, the '936 patent, and the '018 patent are collectively referred to in the Amended Complaint, and herein, as the "Patents-in-Suit."

### C. Berkeley's Accused Products and Services

20.       BLI affirmatively states that Exhibits 9 and 10 to the Amended Complaint speak for themselves.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

21.      BLI admits that it sells the Beacon® Optofluidic System.  BLI affirmatively states that Exhibit 11 to the Amended Complaint speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

22.     BLI affirmatively states that Exhibit 12 to the Amended Complaint speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

23.     BLI affirmatively states that Exhibit 12 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

24.     BLI affirmatively states that Exhibit 12 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

25.     BLI affirmatively states that Exhibit 11 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

26.     BLI is without knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint.  The Amended Complaint does not state from which URL this visual representation is taken.  BLI, therefore, denies the allegations in this paragraph of the Amended Complaint.

27.     BLI affirmatively states that Exhibit 11 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

28.     BLI affirmatively states that Exhibit 11 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

29.     BLI affirmatively states that Exhibit 13 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

30.     BLI affirmatively states that Exhibit 14 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

31.     BLI affirmatively states that Exhibit 15 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

32.     BLI affirmatively states that Exhibit 16 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

33.     BLI affirmatively states that Exhibit 17 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

34.     BLI affirmatively states that Exhibit 17 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

35.     BLI admits that it sells the Beacon® Optofluidic System.  BLI denies all remaining allegations in this paragraph of the Amended Complaint.

36.     BLI affirmatively states that Exhibit 11 to the Amended Complaint speaks for itself. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

37.     Denied.

**D.  Correspondence Between AbCellera and Berkeley**

38.     BLI admits that AbCellera sent a letter to BLI dated October 3, 2019.  BLI affirmatively states that that letter speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

39.     BLI admits that BLI sent a letter to AbCellera dated December 30, 2019.  BLI affirmatively states that that letter speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

40.     BLI admits that AbCellera sent a letter to BLI dated January 28, 2020.  BLI affirmatively states that that letter speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

41.     BLI admits that BLI sent a letter to AbCellera dated February 25, 2020.  BLI affirmatively states that that letter speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

42.     BLI admits that AbCellera sent a letter to BLI dated April 28, 2020.  BLI affirmatively states that that letter speaks for itself.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

43.     BLI admits that it did not send a letter to AbCellera responding to AbCellera's April 28, 2020 correspondence.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

<u>**COUNT I**</u>

**INFRINGEMENT OF THE '812 PATENT**

44.     BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

45.     Denied.

46.     Denied.

47.     BLI affirmatively states that the '812 patent speaks for itself.

48.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '812 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

49.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '812 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

50.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in

a fundamentally different way than the methods described and claimed in the '812 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

51.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '812 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

52.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '812 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

53.     Denied.

54.     Denied.

55.     BLI admits that the '812 patent was identified in AbCellera's October 3, 2019 letter and is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

## COUNT II

### INFRINGEMENT OF THE '494 PATENT

65.     BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

66.     Denied.

67.     Denied.

68.     BLI affirmatively states that the '494 patent speaks for itself.

69.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '494 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

70.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '494 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

71.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '494 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

72.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '494 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

73.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '494 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

74.     Denied.

75.     Denied.

76.     BLI admits that the '494 patent was identified in AbCellera's October 3, 2019 letter and is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

<u>**COUNT III**</u>

**INFRINGEMENT OF THE '241 PATENT**

86.     BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

87.     Denied.

88.     Denied.

89.     BLI affirmatively states that the '241 patent speaks for itself.

90.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '241 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

91.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '241 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

92.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '241 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

93.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '241 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

94.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '241 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

95.     Denied.

96.     Denied.

97.     BLI admits that the '241 patent is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

**COUNT IV**

**INFRINGEMENT OF THE '618 PATENT**

107.    BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

108.    Denied.

109.    Denied.

110.    BLI affirmatively states that the '618 patent speaks for itself.

111.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

112.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in

a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

113.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

114.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

115.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

116.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

117.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '618 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

118.    Denied.

119.    Denied.

13

120.     BLI admits that the '618 patent was identified in AbCellera's April 28, 2020 letter and is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

## COUNT V

## INFRINGEMENT OF THE '962 PATENT

130.     BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

131.     Denied.

132.     Denied.

133.     BLI affirmatively states that the '962 patent speaks for itself.

134.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

135.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

136.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

137.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

138.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

139.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

140.     To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

141.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '962 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

142.    Denied.

143.    Denied.

144.    BLI admits that the '962 patent is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

## COUNT VI

## INFRINGEMENT OF THE '408 PATENT

154.    BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

155.    Denied.

156.    Denied.

157.    BLI affirmatively states that the '408 patent speaks for itself.

158.   To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '408 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

159.   To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '408 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

160.   To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '408 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

161.   To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '408 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

162.   To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '408 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

163.   Denied.

164.   Denied.

165.    BLI admits that the '408 patent was identified in AbCellera's October 3, 2019 letter and is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## COUNT VII

### INFRINGEMENT OF THE '936 PATENT

175.    BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

176.    Denied.

177.    Denied.

178.    BLI affirmatively states that the '936 patent speaks for itself.

179.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

180.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

181.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

182.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

183.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

184.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '936 patent.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

185.    Denied.

186.    Denied.

187.    BLI admits that the '936 patent was identified in AbCellera's October 3, 2019 letter and is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

<u>**COUNT VIII**</u>

**INFRINGEMENT OF THE '018 PATENT**

197.    BLI incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

198.    Denied.

199.    Denied.

200.    BLI affirmatively states that the '018 patent speaks for itself.

201.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '018 patent. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

202.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '018 patent. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

203.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '018 patent. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

204.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '018 patent. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

205.    To the extent that the allegations of this paragraph call for a legal conclusion, they do not require a response.  BLI affirmatively states that the Beacon® Optofluidic System works in a fundamentally different way than the methods described and claimed in the '018 patent. BLI denies any remaining allegations in this paragraph of the Amended Complaint.

206.    Denied.

207.    Denied.

208.    BLI admits that the '018 patent is identified in the Amended Complaint.  BLI denies any remaining allegations in this paragraph of the Amended Complaint.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

## **JURY DEMAND**

218.    Pursuant to Federal Rule of Civil Procedure 38(b), BLI requests a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

BLI denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests that the Court deny Plaintiffs' Prayer for Relief such that Plaintiffs shall take nothing in this action.

## AFFIRMATIVE DEFENSES

BLI asserts the following affirmative defenses to the Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to adequately state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

BLI has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

One or more claims of each of the Patents-in-Suit are invalid for failure to meet the conditions of patentability under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, by their conduct, are equitably and legally estopped, including under the doctrine of unclean hands, laches, waivers, and/or estoppel, from raising each and every cause of action and claim stated in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are limited by 35 U.S.C. § 271(e).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are limited by 28 U.S.C. § 1498, to the extent that the products and services Plaintiffs accuse of infringement are being made for and/or sold to the United States Government.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs and Counterdefendants AbCellera Biologics, Inc.

("AbCellera") and The University of British Columbia ("UBC") (collectively,

"Counterdefendants"), Berkeley Lights, Inc. ("BLI") alleges as follows:

## THE PARTIES

1.      BLI is a company organized and existing under the laws of the State of Delaware,

with its principal place of business at 5858 Horton Street, Suite 320, Emeryville, California

94608.

2.      Upon information and belief, AbCellera is a company organized and existing

under the laws of the country of Canada and laws of the province of British Columbia, with its

principal place of business at 2215 Yukon Street, Vancouver, British Columbia, Canada V5Y

0A1.

3.      Upon information and belief, UBC is a corporation continued under the

*University Act* of British Columbia with offices at #103-6190 Agronomy Road, Vancouver,

British Columbia, V6T 123.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under the Declaratory Judgment Act

and the patent laws of the United States, more particularly under Title 28 U.S.C. §§ 1331,

1338(a), 2201 and 2202 and Title 35 U.S.C. §§ 1 *et. seq.*

5.      Personal jurisdiction over Counterdefendants is proper because they have filed

their claims in this Court against BLI.

6.      Venue in this district is proper under 28 U.S.C. § 1391 and 1400(b).

**BLI'S TECHNOLOGY**

7.      BLI is a leader in Digital Cell Biology and cell selection technology, and an innovator in processes for functionally screening and recovering individual cells for various biological processes, including antibody discovery, cell line development, T-cell analysis, and synthetic biology.

8.      One of BLI's systems is the Beacon® Optofluidic System.  The Beacon® System features BLI's proprietary opto-electropositioning (or "OEP™") technology, which uses patterns of light and millions of light-actuated pixels to select and move individual cells within BLI's OptoSelect™ chips.  The Beacon® System has a support that couples with up to four OptoSelect™ chips and an optical train that captures brightfield and fluorescence images within the OptoSelect™ chips to analyze cells.

9.      Each OptoSelect™ chip features a planar substrate that includes millions of phototransistors, each capable of generating a localized electrical current when activated by patterned light, and thousands of NanoPen™ chambers positioned on top of the substrate.  BLI spent years developing the proprietary structure of its OptoSelect™ chips, which is fundamentally different than what is disclosed and claimed in the Patents-in-Suit.

**COUNTERDEFENDANTS' PATENT CLAIMS**

10.      On July 9, 2020, AbCellera filed this lawsuit, asserting that BLI's Beacon® Optofluidic System and related products, including BLI's OptoSelect™ Chips, Culture Station™ System, and Opto™ Plasma B Discovery Workflow, infringe U.S. Patent Nos. 10,107,812; 10,274,494; 10,466,241; 10,578,618; 10,697,962; 10,087,408; 10,421,936; and 10,704,018 ("Patents-in-Suit").   On September 1, 2020, AbCellera filed an Amended Complaint adding UBC as a plaintiff and asserting these same claims.

11.     The Patents-in-Suit relate generally to microfluidic cell culture and assaying cellular binding interactions.  In contrast to BLI's optofluidic technology, however, the Patents-in-Suit disclose and claim methods that rely upon stochastic deposition of cells in chambers/wells, coupled with a reliance upon valves and/or gravitational force to retain the cells within the chambers/wells.

12.     BLI's Beacon® Optofluidic System and related products do not infringe, directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit.

13.     Additionally, one or more claims of each of the Patents-in-Suit are invalid for failure to meet the conditions of patentability including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.   More specifically, the claims of the Patents-in-Suit are not supported in, or enabled by, their written description.  The patent claims are also indefinite and invalid over the prior art.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14.     BLI incorporates by reference the allegations set forth above as though fully set forth herein.

15.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,107,812, either literally or under the doctrine of equivalents.

16.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,274,494, either literally or under the doctrine of equivalents.

17.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,466,241, either literally or under the doctrine of equivalents.

18.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,578,618, either literally or under the doctrine of equivalents.

19.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,697,962, either literally or under the doctrine of equivalents.

20.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,087,408, either literally or under the doctrine of equivalents.

21.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,421,936, either literally or under the doctrine of equivalents.

22.     BLI does not directly, contributorily, or by inducement infringe any claim of the Patents-in-Suit, specifically U.S. Patent No. 10,704,018, either literally or under the doctrine of equivalents.

23.     An actual case or controversy exists between BLI and Counterdefendants concerning BLI's alleged liability for infringement of the Patents-in-Suit.  Accordingly, BLI seeks a declaration of this Court that one or more claims of one or more of the Patents-in-Suit are not infringed.

24.     This is an exceptional case entitling BLI to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY

25.     BLI incorporates by reference the allegations set forth above as though fully set forth herein.

26.     One or more of the claims of U.S. Patent No. 10,107,812 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,107,812 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

27.     One or more of the claims of U.S. Patent No. 10,274,494 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,274,494 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

28.     One or more of the claims of U.S. Patent No. 10,466,241 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,466,241 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

29.     One or more of the claims of U.S. Patent No. 10,578,618 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,578,618 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

30.     One or more of the claims of U.S. Patent No. 10,697,962 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,697,962 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

31.     One or more of the claims of U.S. Patent No. 10,087,408 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,087,408 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

32.     One or more of the claims of U.S. Patent No. 10,421,936 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,421,936 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

33.     One or more of the claims of U.S. Patent No. 10,704,018 are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, and/or 103.  In addition, one or more of the claims of U.S. Patent No. 10,704,018 do not meet the requirements of 35 U.S.C. § 112, including written description, enablement, and/or indefiniteness.

34.     An actual case or controversy exists between BLI and Counterdefendants concerning BLI's alleged liability for infringement of the Patents-in-Suit.  Accordingly, BLI seeks a declaration of this Court that one or more claims of one or more of the Patents-in-Suit are invalid.

35.     This is an exceptional case entitling BLI to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgement as follows:

A.  That judgment be entered in favor of BLI and against Plaintiffs;

B.  That the Court declare that BLI's case against Plaintiffs is an exceptional case under 35 U.S.C. § 285;

C.  That, on the First Count, the Court makes a declaration that BLI does not infringe, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, any claim of U.S. Patent Nos. 10,107,812; 10,274,494; 10,466,241; 10,578,618; 10,697,962; 10,087,408; 10,421,936; and 10,704,018;

D.  That, on the Second Count, the Court makes a declaration that each and every claim of U.S. Patent Nos. 10,107,812; 10,274,494; 10,466,241; 10,578,618; 10,697,962; 10,087,408; 10,421,936; and 10,704,018 is invalid;

E.  That BLI be awarded costs, expenses, and attorneys' fees, as appropriate;

F.  That BLI be awarded pre-judgment and post-judgment interest at the applicable legal rate; and

G.  That the Court award BLI such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR TRIAL BY JURY**

BLI hereby demands a trial by jury of all claims for which it has the right thereto.

Dated: September 15, 2020

*Of Counsel:*

TURNER BOYD LLP
Karen I. Boyd
Jennifer Seraphine
Louis L. Wai
702 Marshall Street, Suite 640
Redwood City, California 9063
Telephone: (650) 521-5930
boyd@turnerboyd.com
seraphine@turnerboyd.com
wai@turnerboyd.com

IRELL & MANELLA LLP
Morgan Chu
Alan J. Heinrich
Keith A. Orso
Elizabeth C. Tuan
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-101
mchu@irell.com
aheinrich@irell.com
korso@irell.com
etuan@irell.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*